## ELECTRIC RAILWAY COMPANY *v.* O'CONNOR.

*Lumpkin, J.*—There being no error of law, and the evidence for the plaintiff, though decidedly in conflict with that introduced for the defendant, being sufficient to warrant a finding that the defendant was guilty of negligence, and that the plaintiff could not by the exercise of ordinary care have avoided the injuries he sustained in consequence thereof, there was no abuse of discretion in denying a new trial.              *Judgment affirmed.*

March 16, 1896. Argued at the last term.

Action for damages. Before Judge MacDonell. City court of Savannah. July term, 1895.

The declaration alleged, that about 8 o'clock on the morning of April 28, 1892, the plaintiff was driving a horse hitched to a wagon going northward on West Broad street in Savannah, near the corner of that street with Stewart street; that the servants of the defendant in charge of its street-car ran the same in such a negligent and improper manner that it struck plaintiff's wagon, threw him into the street and seriously injured him; and that he was in no fault. His own testimony tended to show, that at the time and place alleged he was driving his wagon on the left side of the street. There was a space along the track about six feet wide, which he was afraid to go into; so he looked up Roberts street (which came into West Broad about forty yards from Stewart street) and saw no car. After he got up a little way a boy called to him to look out, and he turned into that space. The car was going so fast it scared his mare, and when it came along and the hind wheels of his wagon were touched by it, the mare jumped and threw him over. His back fell on the wheel of the wagon. After he looked down Roberts street he was going in the wagon track which he had always traveled; was driving carefully, as he had done in Savannah for thirty years. He was seventy or more years old. The wagon track was straight until he came to Keiffer's door, Keiffer's store being at the corner of West Broad and Stewart streets. He was on the regular wagon track, as he never touched the railroad under any circumstances. When told to look out he was about at Keiffer's door. Freight was piled there. He drove up there to escape; he tried to get out of the way; there was no other way to go to save himself. He did not hear a gong; heard nothing. The car came round the corner, and was coming with all kind of force. He did all he could to get out of the way; he was a good way from the sidewalk until he got to Keiffer's corner. A mail box is there; the way is only six feet wide; and there is a great hole. He drove up on the sidewalk as high as he could

to Keiffer's door. He had the mare safely up, and the car came and hit the hind wheel. The car had passed when he fell; but for that he would have been under it. When the boy called to him he looked out; the car was very convenient to him, and he turned into the sidewalk because, if it had caught him between the sidewalk and that hole in the ground, it would have killed him. He kept the wagon as straight as he could after he turned it; if he had kept straight in the wagon track, the car would have struck the wagon and thrown him against the poles. He moved as fast as he could on the sidewalk; he had to stand where he was; could get no further because of the freight on the sidewalk. He had the fore part of the wagon on the sidewalk, and the car coming along making such a racket made the mare leap, and it struck the rear wheel and made him be knocked out. He introduced two witnesses whose testimony tended to corroborate him materially, and to show that the gong of the car was not sounded after it turned into West Broad street, and that no apparent effort was made to stop it or even to slacken its speed. The plaintiff was in bed for a week or ten days after the accident, and in the house for quite a length of time. He suffered a great deal of pain, and cannot do any manual work. His physician's bill and other expenses of sickness amounted to over $200.

The testimony for defendant tended to show, that the motorman of the car was ringing the gong when it came into West Broad street, and continued to ring it so that plaintiff would not cross him and would not get too close. He had the current off and the brakes on. The front of the car never struck the wagon; the rim of the wheel scratched the side of the car. It could not possibly have struck the hub of the wheel. If plaintiff had kept where he was, the car could not have struck him. After the front of it passed him there was no reason why the rest of it should not have passed, unless he came back; and the front did pass. Just

before the car reached the wagon, the motorman called to the plaintiff to keep him from trying to cross the track; whereupon he turned his wagon round to drive upon the sidewalk, and the rear of the wagon or the rim struck the side of the car. It was not moving fast, and stopped not over a car-length from the place of the collision. That is a dangerous place if a man does not keep out of the way. The track was located under the direction of the city authorities. The motorman had the reputation of being unusually careful as to ringing the gong, checking speed, etc.

The jury found for the plaintiff $1,500. Defendant moved for a new trial on the grounds, that the verdict was contrary to law and evidence; and that nothing in the pleadings put defendant on notice that the contention of plaintiff would be that there was not room for the car and vehicle at the place where they came in contact; whereas subsequent measurements (which defendant had no opportunity to make at the time, the trial lasting but a few hours) show that there was room for both. This latter ground is supported by the affidavit of the president of the defendant company; to which affidavit is attached a plat of the premises, showing measurements, etc.

*Charlton, Mackall & Anderson*, for plaintiff in error.
*O'Connor & O'Byrne*, contra.